First case on our call this morning is agenda number nine, case number 108189, People of the State of Illinois v. Jorge Nunez. Counsel may proceed. Good morning, Your Honors. My name is Heidi Lynn Lambros from the Office of the State Appellate Defender, representing defendant appellant Jorge Nunez. Mr. Nunez's conviction for driving with a revoked license, or DWLR, should be vacated under one act, one crime purposes, because it was based on the same physical act, driving a car, as provided the basis for his driving under the influence conviction. Even if the conduct which led to the convictions that this Court finds was not part of a single physical act, Mr. Nunez's conviction should still be reversed, should be vacated, as it was a lesser included of the DUI charge. The appellate court in this case, despite the State's concession of error, declined to vacate Mr. Nunez's DWLR conviction and instead held that since the DUI charge and the DWLR charge were based on separate but simultaneous acts, citing the people who do pace, one act, one crime principles did not apply. But since this holding is a direct contravention of this Court's clear and well-established one act, one crime jurisprudence, this Court should overturn the appellate court's holding and vacate Mr. Nunez's conviction for driving with a revoked license. The State's argument basically boils down into two separate categories. The first thing that the State contends is because a person is capable of committing more than one driving offense at the same time and capable of being convicted of more than one driving offense at the same time, no one act, one crime violation can occur. Mr. Nunez is not disputing that the State has power to charge multiple driving offenses, the power to prosecute multiple driving offenses, and the power to convict him of multiple driving offenses. One act, one crime jurisprudence comes in after the final conviction, when a Court finds that multiple offenses were carved from the same physical act. Indeed, the State actually supports this argument by citing to People v. Crespo. This Court in People v. Crespo said that the State could not come on appeal and try to apportion or carve multiple offenses where they did not charge that type of conduct in the indictment. As in Crespo here, the State charged Mr. Nunez with driving a car in the State of Illinois. Again, for both offenses, therefore the only single physical act that we have here is driving a car. Had the State intended to charge multiple conduct, they simply could have done so. Although one act, one crime analysis reminds the State that they need to be more careful in their charging instruments, it doesn't prevent them from charging multiple different conduct. Again, these principles do not come into play until following conviction. Further, the State also asserts that following People v. DePace, that this Court should abandon the kind of clear, straight road that this Court has developed for one act, one crime analysis and find now that under King, under Rodriguez, under Garcia, under Crespo, and under Artis, that what this Court has always meant by single physical act is single physical culpable act. That's just simply not the case. The State cannot point to any case that this Court has cited that stands for the proposition that the act for one act, one crime purposes must be a culpable criminal act. In fact, to which the State does not respond, in order to hold that, a lot of this Court's jurisprudence regarding other crimes would completely go out the window. As far as sexual assault cases, the act for the purpose of sexual assault cases for one act, one crime is the act of sexual penetration. The State can charge multiple different theories in their indictment, multiple different conduct if certain statutory factors are present. Similarly, with possession of a weapon, UUW, possessing a weapon is not a criminal act. It doesn't become criminal conduct until the State charges different theories. Here, driving a car does not have to be a criminal culpable act. Again, this Court, King, Rodriguez, Crespo, Garcia, Artis, has never held that the act itself needs to be a culpable criminal act. In fact, even if this Court were to hold that the pace ruling that this Court has always kind of suggested that this must be a culpable act, the State here never even charged two culpable acts. The State charged driving while intoxicated and driving with a revoked license. Intoxication is not an action. You may need to perform certain actions to get to the state of intoxication, but intoxication is simply a condition. Similarly, having a revoked license is just a status. You may have performed actions to get to the status, but again, having a revoked license is not in and of itself an outward, overt manifestation as what was required by people v. King. If a defendant is charged with driving under the influence, speeding, improper lane usage, and no insurance, is only one conviction possible? Well, those are different actions. Driving, again, speeding is an action. Improper lane usage is an actionable action. Driving under the influence is just the driving, so yes, the State could charge that and the State could get multiple convictions based on that, but again, they're based on an action. The action of speeding, the action of running improper lane usage, the action of running a stop sign. But there's only one act of driving, isn't there? Under these facts, under these circumstances, the State only charged the act of driving in the State of Illinois. There's no other additional physical act. Whereas improper lane usage, improper speeding, the State could seek convictions. Again, the State can charge whatever it likes and get convictions on whatever it likes, but depending on what the charging instrument says and depending on the conduct that was prescribed at trial is going to be dependent on which convictions should be vacated. Are you indicating that if the charge were that in a certain block, in a certain place this person was driving under the influence and in the next block or next place this person was driving while license revoked, that would withstand scrutiny? Again, I hate to beg the question, but if the State seeks to do that, at the bare minimum, they need to charge that conduct. I'm not sure if it would survive this court scrutiny, but if the State wanted to charge between Madison and Washington one violation and then between Washington and Canal another violation, they can do that. And that would be a different argument, yes. But in this case they didn't. Again, the State can't retroactively go back and say we want to change the indictment now. The State charged it as it charged it. Ms. Lammers, is DePace the only court that's held or case that's held culpable conduct, culpable act plus conduct as necessary? As far as I'm aware, yes. This court has simply gone on the straight road of just simple action. Even if this court finds that Mr. Nunez's conviction for DUI and DWR were not based on the same physical act, this court can still vacate Mr. Nunez's DWR conviction because it is a lesser included offense of DUI. Again, this court reiterated in 2006 in People v. Colton, the question is not whether or not the elements of the offenses add up. Again, it's whether the conduct as charged, the criminal conduct in the greater offense, that we can find it linked to the lesser included offense. Despite the fact that, again, as this court said in People v. Colton, even if an element of the lesser included is not specifically included in the greater, as long as it's reasonable to infer that the conduct of the greater is in the conduct of the lesser, then it will be a lesser included offense. Again, the charging instrument approach, looking how the state prosecuted this case, looking how the state tried this case, the state tried this case as the simple act of driving. Had the state wanted to do it differently, they simply could have and they didn't. In this case, though, didn't the offenses charged, the enhancing factor in the DUI was the previous DWLR, wasn't it? Not this one. Not this one, yes, that's correct. And this individual has a number of these offenses before. Yes. And so the offense wasn't predicated upon the act that was involved in this set of operative facts. The prior, the suspension of the license based on a prior DUI? The prior DUI conviction and the other convictions that he's had would be sentence enhancements. There would not be elements that would need to be proved at trial, no. But it is in the indictment that both were based on a suspension of the license. So under the lesser included offense, if you look at the indictment for DWLI and you look at the indictment for DWR, it contains all of the same conduct that is being charged here. While not necessarily the same elements that are needed to be proved at trial, the conduct is in both indictments. And there are arguably acts here in the consumption of the intoxicants and in the failure to put the license in his pocket. Aren't those acts? If the state wanted to charge, Mr. Nunez had completed the act of intoxication, the act that led to his intoxication when he was pulled over. If the state wanted to charge him with drinking a glass of beer in the car while he was driving, the act of drinking the beer would be a separate action. But to get to the state of intoxication, he's already completed everything that he needs to do to get to that condition. And despite what he may want or not want to do, he can't will him this way out of it. There's no, an act requires some type of volition. And here he was intoxicated, it was just a condition that he was in. Not having a license. Driving without a license is simply a status. It just simply means that you've completed actions and the Secretary of State has determined that you no longer have a license. It doesn't necessarily have to be in your pocket, but the Secretary of State has suspended it. Again, you can walk around without a driver's license, but when you drive a car, that's the action that would trigger simply like the actual, having a gun. If you possess a gun, it doesn't necessarily become a criminal offense unless you don't have a FOIA card. The action of not having a FOIA card in and of itself is not the action. It's the act of possession of a gun. Whereas here, the action is driving a car. If there's no further questions, Mr. Nunez requests that this Court vacate his conviction for driving with a revoked license. Thank you very much. Good morning. May it please the Court. My name is Mary Hodson-Buehler and I represent the people of the State of Illinois. When the defendant got into the car on November 22, 2006, he had committed two acts. Those acts were ingesting marijuana immediately prior to getting in the car and having a revoked license as a result of previous convictions for DUI. Defendant had forfeited his right to drive and the moment he got in the car, the moment he put the key in the ignition, and the moment he drove, those were two separate acts. This Court in People v. King stated that an act is any overt or outward manifestation that renders a different offense. Offense has been defined as a conduct punishable by prison or by a fine, therefore a criminal act. The fact that the term culpable and criminal have been not used in all the cases is not enough to make this case and these acts of the defendant not culpable. The defendant committed aggravated DUI when he got into the car and he was intoxicated as a result of smoking marijuana. As a matter of fact, the facts demonstrated that there was a half-smoked joint found underneath the driver's seat. So the fact that he was not smoking marijuana or drinking in the car at the time he was driving does not render him not guilty of aggravated DUI because in fact he had done that prior to getting into the car. How do you address opposing counsel's argument that firing a gun by itself is not a culpable act and becomes criminal when done for an unlawful purpose and that a single act of firing a gun could support numerous different felony convictions? I think we'd agree with that, if done with the intent to kill, but only one conviction could ultimately stand under the rule. What you're looking at for one act on crime purposes in that situation is one rapid conduct. It's firing a gun rapid times. There is no intervening time. There's no intervening factor. With regard to driving, driving is a single action. It's a continuous action. We're not saying that driving is in and of itself a crime. What we're saying is what the defendant did. Did you add to the argument firing a gun numerous times? What about one act, one shot? One shot, that's one act. That's one culpable act is the firing of the gun. But her point is that under that one act there could be numerous charges that arose and at the conclusion of that, since it's one act, admittedly one act, some of those charges would go away, right? Or the convictions would go away. If it was determined maybe they were lesser included. From the one act of firing the gun multiple times, we could charge multiple offenses and the defendant could be convicted of multiple crimes. Am I not answering the question appropriately? You're answering the question. But in terms of this case, and this is a unique case, because driving is not a crime, but when someone does not have a license as a result of prior convictions and then gets into the car knowing he had forfeited his right of not having a license and drives, that's an act. If somebody ingests marijuana or drinks and they get in a car, that's another separate criminal act. In People v. DePace, this court, not this court, excuse me, the second district addressed the same type of facts as are in this case. And they found, that second district court found that if you're driving under the influence, that's an act, and if you're driving on a revoked license, that's an act. Acts to be considered when applying the one act, one crime. Would that do away with the one act, one crime jurisprudence? No, it wouldn't. No, because the defendant was charged with two separate acts under two separate sections of the statute. So those would be two separate crimes. Well, they clearly are two separate crimes. In fact, are they two separate acts? And what our position is, they in fact were two separate acts. Under the charging instrument approach, they're two separate acts, and under the statute. The legislator has made them two separate acts. They could have combined them as both, as the same act, but the court didn't, or the legislator didn't. Is being unlicensed an act? As a result of other culpable acts of DUI, yes, having a revoked license is the act of not carrying or not being able to drive under the laws of the Secretary of State of Illinois. Wasn't the driving the act, then? They're unlicensed, that's certainly, I mean, you're arguing it's an act, it's certainly a condition. Somebody being unlicensed is a condition that isn't driving while license revoked until someone drives, right? So isn't the act driving? We're not disputing that one of the acts is driving, but we can't lose sight of what happened prior to getting into the car. Prior to getting in the car, as I've already mentioned, the defendant had a disqualifying act. He did not have a driver's license. He also had the disqualifying act of smoking pot. I mean, those are two acts that he did as he was getting in the car or at the time he was getting in the car. When he put the key in the car and when he started driving, he was not allowed to drive because he did not have a proper license and he was under the influence and impaired as a result of the marijuana. Let's go back to the gun example. So if someone doesn't have a valid FOID card and takes a gun and shoots someone and is charged with not having a valid FOID card as well as murder, does the FOID conviction stand because of the fact that that's a separate act because when he was shooting the victim he didn't have a FOID card? I think in that case the FOID card violation would stand as two separate acts. But I think you also have to look at public policy in terms of driving and that there are strong public policy arguments that a person who's been on a revoked license is not allowed to drive, should not be permitted to escape a conviction, because I didn't have the piece of paper I was supposed to have. Do you have a charging problem, though, rather than conviction problem? You could have always had the option of charging it for part of the trip, the DUI, and for part of the trip traveling without the license. I think that at that point then we start getting into piecemeal charging and this court may not find that that's appropriate because in other cases they said that when there's one act of driving that prejudice to defendant would occur. If you take this one part, we're going to charge him for speeding from, as counsel stated, from Madison to Washington and this part from Jackson to Canal, I think then you're getting into a position where the defendant would then argue what prejudice. You certainly said that in, for example, multiple stabbings you could charge each stabbing act independent. But then when you look, then you get to the point if there are multiple offenses then you're going to start looking whether it's lesser included. And unless that charging instrument shows that there was a different intent on the part of the state charging those separate stabbings, you're going to look at one act. And this court and other appellate courts have. The people's position in this case is that the defendant, when he entered that car, he had committed two disqualifying and culpable acts. Defendant should not be able to hide behind the king doctrine and say I was just driving. He was driving under the influence and he was driving as a result of being on a revoked license. Defendant also argues that once we get past the stage that there were multiple acts here, that driving on a revoked license was a lesser included offense of aggravated DUI. Our position is under the charging instrument approach, you look at the charging instrument, the information in this case, and clearly the intent and the way that the charging instrument was written were two separate acts. Aggravated DUI, driving while under the influence of marijuana, incapable of rendering a safe operating vehicle, driving on a revoked license, you're driving without a revoked license. Defendants looking at the sentencing enhancement factors, those are not elements of this crime. This Court has held in People v. Van Schaak that those are not elements of a crime. Those are merely sentencing enhancement factors. Therefore, they cannot play a role in determining whether driving on a revoked license is a lesser included offense of aggravated DUI. Both of these offenses were separate. There's no act. The driving on the revoked license is not part of aggravated DUI because under the statute, the three elements I just discussed, it's a misdemeanor DUI. After the defendant's been found guilty, then you get to the sentencing enhancement factors, and that's where you see the language of driving on a revoked license. What's also important when you look at the charging instrument in this case, the two counts. The defendant, his prior convictions, they're not the same conviction. So again, the intent of the prosecutor in the information  Nothing was similar. Is Van Schaak on point here? Wasn't that a case involving whether the state had to join charges or not? That's correct, Your Honor. And what the people are asking is that the Court look at this and apply the rationale in cases where it is one act, one crime. Because the logical inferences are the same, the reason judgment is the same, that these sentencing enhancement factors should not be used to determine whether a lesser-included offense is part of a greater offense. We look strictly at what the offenses are. The people respectfully request that the Court affirm both the convictions and that the Court not vacate the defendant's driving while on a revoked license. Thank you. Just briefly, Your Honors. This Court has never, the state is trying to muddy up the waters of a very clear one act, one crime doctrine. There's no disqualifying acts that you have to do before or after you perform the actions. It's simply the same physical act. And again, as the state was saying, driving a car is not a crime. The act of sexual penetration is not a crime until you, so the state charges statutory factors. The act of owning and having a gun in your possession, firing a gun is not a criminal act. This Court has never held under one act, one crime that the act itself must be a culpable act. If there's no further questions, thank you very much. Thank you, Counsel. Case number 108, I'm sorry, yes, 108, 189 will be taken under advisement as agenda number 9.